**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

ANDREW DICKERMAN,

             Petitioner,

                v.                                 CAUSE NO.: 1:24-CV-270-TLS-APR

SHERIFF,

             Respondent.

**OPINION AND ORDER**

Andrew Dickerman, a prisoner without a lawyer, filed a habeas petition to challenge his probation revocation in Case No. 02D04-2401-F6-70. Following a hearing on April 10, 2024, the Allen Superior Court revoked his term of probation and committed Dickerman to two years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of habeas claims, the Court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025–26 (cleaned up). Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, individuals may challenge their probation revocation on direct appeal or by filing the appropriate petition in State court. *See, e.g., Sanders v. State*, 825 N.E.2d 952 (Ind. Ct. App. 2005); *Huffman v. State*, 822 N.E.2d 656 (Ind. Ct. App. 2005). According to the petition, Dickerman has never presented a challenge to his probation revocation to the Indiana Supreme Court. Further, review of the electronic State docket suggests that Dickerman is pursuing a challenge to his probation revocation on direct appeal in Case No. 24A-CR-01105.[1] Therefore, the court finds that Dickerman has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition and the State court docket, it appears that the one-year limitations period for federal habeas review will begin to accrue at the conclusion of the direct appeal process in Case No. 24A-CR-01105; in other words, it has not yet begun to accrue. *See* 28 U.S.C. § 2244(d)(1)(A). As a result, dismissing this case will not effectively end Dickerman's chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S.

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Dickerman has exhausted his claims in State court.

For these reasons, the Court:

(1) DISMISSES without prejudice the petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Andrew Dickerman a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

SO ORDERED on July 16, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT