UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANDREW DICKERMAN,

    Petitioner,

    v.

    CAUSE NO.: 1:24-CV-270-TLS-APR

SHERIFF,

    Respondent.

## OPINION AND ORDER

Andrew Dickerman, a prisoner without a lawyer, filed letter asking the Court to reconsider the order dismissing the habeas petition for failure to exhaust State court remedies. ECF No. 8. Based on the timing of the letter, the Court construes it as a request pursuant to Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

In the request to reconsider, Dickerman argues that his one-year sentence and the fact that it took him four months to obtain transcripts renders the State court process ineffective for purposes of exhaustion. A habeas petitioner is excused from exhausting State court remedies if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). "An inordinate delay may render a state court process ineffective." *Jackson v. Lawrence*, 2020 WL 5550385, at *4 (C.D. Ill. 2020) (citing *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981)). The Seventh Circuit has found delays between seventeen months and twenty years to be inordinate. *Evans v. Wills*, 66 F.4th 681, 685 (7th Cir.

2023); *Carter v. Buesgen*, 10 F.4th 715, 723 (7th Cir. 2021); *Lowe*, 663 F.2d at 43 (citing *Madyun v. Thompson*, 657 F. 2d 868, 872 (7th Cir. 1981)). However, the inordinate delay must be attributable to the State to serve as an excuse to the traditional exhaustion requirement. *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

The Court has reviewed the electronic docket for Dickerman's State court proceedings in cause number 02D04-2401-F6-000070 (Allen Superior Court) and cause number 24A-CR-01105 (Indiana Court of Appeals).[1] On April 10, 2024, the Allen Superior Court revoked his suspended sentence due to a probation violation and committed Dickerman to the Indiana Department of Correction for two years with twenty years jail credit. On May 2, 2024, Dickerman filed a motion for transcripts. On May 7, 2024, Dickerman filed a notice of appeal. On July 17, 2024, the clerk filed a notice of completion of transcript. On August 2, 2024, the Indiana Court of Appeals notified Dickerman that his appellate brief was procedurally defective.

Review of the State court dockets reveal that Dickerman's appeal has been pending with the Indiana Court of Appeals for just over three months. While it took 76 days to obtain the transcripts, under Indiana law, the court reporter is entitled to 45 days from the notice of appeal to complete transcripts as a matter of course. Ind. R. App. 11(B). It now appears that the appeal will move forward once Dickerman files a procedurally compliant appellate brief.

The Court is unaware of any instance within the Seventh Circuit in which a court proceeding pending for less than four months has been found to be an inordinate delay for purposes of exhaustion. More fundamentally, the State court docket in its present form does not suggest that Dickerman's appeal is "stuck in park," *Carter*, 10 F.4th at 723, or amounts to "a breakdown in state processes," *Evans*, 66 F.4th at 687. Nor is the court aware of any legal

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2

authority suggesting that a short sentence, by itself, excuses a habeas petitioner from exhausting State court remedies. *See, e.g., Sharp v. Wrigglesworth*, 2024 WL 618039, at *3 (W.D. Mich. 2024) ("That sort of delay is simply inherent in the exhaustion requirement; it does not warrant excusing the requirement."); *Kyte v. Warden, Hamilton Cnty. Just. Ctr.*, 2020 WL 3960467, at *1 n.2 (S.D. Ohio 2020) ("[T]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences."); *Gonzalez-Aguilera v. Franke*, 2013 WL 2149620, at *3 (D. Or. 2013) ("However, as this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention.").

For these reasons, the Court DENIES the request to reconsider [ECF No. 8].

SO ORDERED on August 26, 2024.

                                             s/ Theresa L. Springmann
                                             JUDGE THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT